IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00668-GPG

GREGORY CHAMBERS,

     Plaintiff,

v.

SAFEWAY, INC.,

     Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

---

     Plaintiff, Gregory Chambers, resides in Denver, Colorado.  Mr. Chambers initiated this action by filing, *pro se*, a Complaint (ECF No. 1).  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

     The Court construes the Complaint liberally because Mr. Chambers  is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be directed to file an Amended Complaint.

**I.  The Complaint**

     In the Complaint, Mr. Chambers alleges that he entered a Safeway store in Denver, Colorado on September 16, 2015, paid for one item, exited the store and walked to the bus stop.  Two Safeway security guards followed him to the bus stop and asked him for the pack of Solomons.  Plaintiff responded that he did not have a pack of Solomons, told them to check the security camera, and showed the guards the receipt

1

for the item he had purchased.   The security guards returned to the store and came

back a few minutes later advising Mr. Chambers that the pack of Solomons had been

located.  One of the security guards told Plaintiff that he was no longer welcome at that

store, according to the store manager.  Mr. Chambers thereafter called the District store

manager to relay these events.   Four days later, the security guards from the store

called him to tell him that he "did nothing wrong" and that "staff members weren't being

honest with them."  (ECF No. 1 at 4).  Mr. Chambers asserts that he was harassed and

wrongfully targeted by Safeway employees because "he didn't fit the store's profile."

(*Id.*).

## II.  Analysis

        In the Jurisdiction section of the Complaint, Mr. Chambers asserts that the

Defendant violated his constitutional rights.  The Court liberally construes his claims as

arising under § 1983.

        Section 1983 provides a remedy for the deprivation of a right secured by the

Constitution or federal statute, committed under color of state law.  *See Am. Mfrs. Mut.*

*Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  "Like the state-action requirement of the

Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from

its reach merely private conduct, no matter how discriminatory or wrongful."  *Id.* at 50

(quotation marks omitted).

        Private conduct constitutes state action only if it "fairly attributable to the State."

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  State action can be "present if

a private party is a 'willful participant in joint action with the State or its agents.'"

*Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir.1995) (quoting

*Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).  "[C]onstitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

The Complaint is deficient because Mr. Chambers complains about purely private conduct.  Safeway and its employees are private actors.  Further, to the extent Plaintiff seeks to assert a claim against Safeway's security guards, who are not named Defendants in the Complaint, he does not allege specific facts to show that those individuals were state actors, or that they acted jointly with one or more state actors to deprive him of his constitutional rights.

Furthermore, even if the conduct alleged by Plaintiff constituted state action, he nonetheless fails to state an arguable claim for relief under § 1983.  Mr. Chambers asserts a violation of his Fourteenth Amendment due process rights.  "The Due Process clause of the Fourteenth Amendment protects against governmental deprivations of life, liberty, or property "without due process of law." *Farthing v. City of Shawnee, Kan.,* 39 F.3d 1131, 1135 (10th Cir. 1994) (quoting U.S. Const. amend. XIV, § 1).   Plaintiff does not allege facts to show that he was deprived of a liberty or property interest.

Mr. Chambers also asserts a violation of the Ninth Amendment.  The Ninth Amendment provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. "[T]he Ninth Amendment has not been judged to be a source of individual rights for purposes of stating a claim." *Zhao v. United States*, 91 Fed. Cl. 95, 99 n. 4 (Fed.Cl. 2010) (citations omitted). *See also Jenkins v. C.I.R.*, 483 F.3d 90, 92 (2d Cir. 2007) ("The Ninth Amendment is not an independent source of individual rights...."); *Gibson v.*

*Matthews*, 926 F.2d 532, 537 (6th Cir.1991) (Ninth Amendment does not confer substantive rights other than "those conferred by other portions of our governing law").

Mr. Chambers will be afforded an opportunity to amend his Complaint to allege facts to show that the conduct of which he complains constitutes "state action," rather than merely private conduct, and to state an arguable claim for deprivation of his constitutional rights that is actionable under § 1983.

### D.  Rule 8 of the Federal Rules of Civil Procedure

The Amended Complaint that Mr. Chambers will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Prolix, vague, or unintelligible pleadings violate Rule 8.

For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*  In order for Mr. Vigil to state a claim in federal court, his "complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that Mr. Chambers shall file, **within 30 days of the date of this Order**, an Amended Complaint, on the court-approved Complaint form, that complies with the directives in this Order.  <u>Mr. Chambers must complete all sections of the Complaint form and sign it</u>.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form, along with the applicable instructions, at [www.cod.uscourts.gov](http://www.cod.uscourts.gov).  Alternatively, Plaintiff may obtain a copy of the form at the District Court Clerk's Office, 901 19th Street, Denver, Colorado.  It is

FURTHER ORDERED that, if Plaintiff fails to file an Amended Complaint that complies with this order within the time allowed, the Court will dismiss this action without further notice for the reasons discussed above.  It is

DATED April 28, 2016, at Denver, Colorado.

BY THE COURT:



_____
Gordon P. Gallagher
United States Magistrate Judge